```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

UNITED STATES OF AMERICA,

v.                                    Case No. 8:25-cr-299-VMC-NHA

JOHN LEO WITECK.

_____/

**ORDER**

This matter is before the Court on Defendant John Leo Witeck's "Motion to Sever Pursuant to Fed. R. Crim. P. 8(b) and 14(a)" (Doc. # 85), filed on October 31, 2025. The government responded on November 14, 2025 (Doc. # 87), and, with leave of Court, Mr. Witeck filed a reply on December 2, 2025. (Doc. # 96). For the reasons that follow, the Motion is denied.

**I.   Background**

On June 18, 2025, Mr. Witeck was charged in Counts One through Twelve of a two-defendant, fifteen-count indictment. (Doc. # 1). Co-defendant Leo Joseph Govoni was charged in each count of the indictment. (Id.). Count One relates to a conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. (Id. at 1-15). Counts Two through Five allege mail fraud in violation of 18 U.S.C. § 1341. (Id. at 16-17). Counts Six through Eleven

1

allege wire fraud in violation of 18 U.S.C. § 1343. (Id. at 18-20). Count Twelve involves a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). (Id. at 20-25). Count Thirteen (bank fraud in violation of 18 U.S.C. § 1344), Count Fourteen (illegal monetary transactions in violation of 18 U.S.C. §§ 2 and 1957), and Count Fifteen (false bankruptcy declaration in violation of 18 U.S.C. § 152(3)) solely charge Mr. Govoni. (Id. at 25-28).

Mr. Witeck moves to sever his trial from that of Mr. Govoni pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

## II. Legal Standard

"Federal Rule of Criminal Procedure 8(b) is a pleading rule." United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). The rule allows multiple defendants to be charged in the same indictment if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, "[a]ll defendants need not be charged in each count." Id. Joinder is proper where "an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy." Liss, 265 F.3d at 1227 (quoting United States v. Alvarez, 755 F.2d

2

830, 857 (11th Cir. 1985)). The propriety of "joinder under Rule 8(b) is to be determined before trial by examining the allegations contained in the indictment." United States v. Morales, 868 F.2d 1562, 1567 (11th Cir. 1989). "Rule 8 is broadly construed in favor of the initial joinder." United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000).

"The general rule is to try defendants indicted together in the same trial." United States v. Oscar, 877 F.3d 1270, 1290 (11th Cir. 2017). "This is particularly true in conspiracy cases." United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007). "However, a severance under Rule 14 may be granted if a defendant can" satisfy the "heavy burden" of demonstrating that "a joint trial will result in 'specific and compelling prejudice' to his or her defense." Oscar, 877 F.3d at 1290 (quoting Liss, 265 F.3d at 1228). "To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice — jury instructions or some other remedy short of severance will not work." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011).

"Because limiting instructions usually will cure any prejudice resulting from a joint trial, the Supreme Court has indicated that severances need be granted only if there is a

3

serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence even if limiting instructions are given." Id. at 1234-35 (internal quotation marks and citation omitted). "Aside from those two situations, jointly indicted defendants are not entitled to a severance." Id. at 1235.

### III. Analysis

#### A. Joinder Under Rule 8(b)

Mr. Witeck argues that Counts Thirteen through Fifteen of the indictment, which solely charge Mr. Govoni, were improperly joined with the remaining counts of the indictment "because [Mr.] Govoni's alleged conduct in those separate charged counts is not part of the same series of acts or transactions as those [Mr.] Witeck is charged with." (Doc. # 85 at 15). In response, the government argues that joinder of Counts Thirteen through Fifteen was proper as the "common aim" of the conduct charged in those counts was "to further the fraud and money laundering scheme." (Doc. # 87 at 9). The Court agrees with the government.

"It is well established that substantive offenses arising out of a single conspiracy can properly be joined, since the conspiracy provides a common link connecting the offenses." United States v. Kopituk, 690 F.2d 1289, 1313 (11th

4

Cir. 1982). "In other words, the fact that the substantive offenses emanated from a single, central conspiracy is a sufficient indication that substantial identity of facts or participants exists among the offenses." Id.; see Dominguez, 226 F.3d at 1239 (holding that joinder of "drug-related and mortgage fraud-related charges" was proper as the government stated that "proof of the [drug-related charges] provides the motive and necessity for the [mortgage fraud-related charges]," which furnished "the necessary relationship between the two groups of charges").

Here, the government alleges that "[Mr.] Govoni committed the bank fraud alleged in Count 13, the money-laundering alleged in Count 14, and the bankruptcy fraud alleged in Count 15 in furtherance of the overall fraud scheme." (Doc. # 87 at 9). Specifically, the government contends that Count Fifteen "relates to [Mr.] Govoni's lies and coverup in the CSNT bankruptcy case to continue to hide the fraud" and that Counts Thirteen and Fourteen "relate to [Mr.] Govoni's use of the fraud proceeds." (Id.).

As the government's theory of the case is that all the offenses charged in the indictment "emanated from a single, central conspiracy," joinder of Counts Thirteen through Fifteen was proper. Kopituk, 690 F.2d at 1314; see Liss, 265 F.3d 1227 ("[J]oinder under Rule 8(b) is proper where, as

5

here, an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy." (internal quotation marks omitted)).

**B. Severance Under Rule 14(a)**

Mr. Witeck argues that he should be tried separately from Mr. Govoni pursuant to Rule 14(a) because (1) Mr. Witeck is less culpable than Mr. Govoni; (2) the potential for admission of evidence that would not be admissible in a separate trial of Mr. Witeck; and (3) the potential assertion of mutually antagonistic defenses. (Doc. # 85 at 9-14). In response, the government argues that none of the bases proffered by Mr. Witeck justify severance. (Doc. # 87 at 2-8). In reply, Mr. Witeck argues that the Court should consider his "limited temporal role in [the] charged conspiracy" in assessing the potential "spillover effect" of evidence of Mr. Govoni's guilt. (Doc. # 96 at 3). The Court agrees with the government.

**1. Disparate Roles in the Alleged Conspiracy**

"In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) Even if there is "an

'enormous disparity' in the amount of evidence that relate[s] to other defendants or charges compared with the evidence that relate[s] to him, '[a] defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants.'" United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011) (quoting United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997)); see also United States v. Rodriguez, No. 8:18-cr-205-WFJ-TGW, 2019 WL 2646557, at *2 (M.D. Fla. June 27, 2019) ("Still, even if Defendant is less culpable than his co-conspirators, he would not suffer compelling prejudice because the introduction of evidence applicable only to co-defendants is not alone reason enough to compel severance."). Accordingly, Mr. Witeck has not met his "heavy burden" of demonstrating that a joint trial would result in "specific and compelling prejudice" merely because of the parties' differing levels of culpability or involvement in the alleged conspiracy. Oscar, 877 F.3d at 1290 (internal quotation marks omitted).

   2. **Potential Admission of Evidence that Would Be Inadmissible Against Mr. Witeck in a Separate Trial**

Severance may be warranted "where overwhelming evidence of guilt is introduced against a codefendant that would not have been admissible against the defendant in a separate

7

trial, raising the specter of 'spillover effect.'" Lopez, 649 F.3d at 1235 (quoting United States v. Cross, 928 F.2d 1030, 1039 (11th Cir. 1991)). "But even then 'a court's cautionary instructions ordinarily will mitigate the potential "spillover effect" of evidence of a co-defendant's guilt.'" Id. (quoting United States v. Kennard, 472 F.3d 851, 859 (11th Cir. 2006)). "Severance must be granted where evidence is admissible against only one defendant only where that evidence is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." Blankenship, 382 F.3d at 1124.

Here, defense counsel asserts that "it is apparent from his review of portions of the discovery that substantial amounts of evidence the government would attempt to admit at a trial of [Mr.] Govoni and [Mr.] Witeck would not be admissible in a separate trial of [Mr.] Witeck." (Doc. # 85 at 11). Counsel identifies two potentially problematic categories of evidence: (1) evidence relating to the alleged fraud and theft that occurred in the years prior to Mr. Witeck joining the conspiracy and (2) "several blame-shifting statements made by [Mr.] Govoni in bankruptcy proceedings that the government (or [Mr.] Govoni) might argue implicate [Mr.] Witeck in the charged conspiracy." (Id.).

8

As the government notes in its response, "[b]ecause [Mr.] Witeck joined an ongoing mail and wire fraud scheme, the evidence explaining its origination is key to understanding his role in it and necessarily would be offered in any severed trial of his own." (Doc. # 87 at 6). In any event, even if such evidence would not have been admissible in a separate trial of Mr. Witeck, Mr. Witeck has not demonstrated that such evidence "is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." Blankenship, 382 F.3d at 1124.

As to Mr. Govoni's statements about Mr. Witeck in the bankruptcy proceeding, the government asserts that it is unlikely to attempt to admit such statements at trial. (Doc. # 87 at 8). Regardless, Mr. Witeck's conclusory assertion that "there are several blame-shifting statements made by [Mr.] Govoni in the bankruptcy proceedings" does not demonstrate, at least at this juncture, that severance is required. See United States v. Carr, No. 3:23-cr-00018-LMM-RGV, 2025 WL 2417322, at *6 (N.D. Ga. June 13, 2025), report and recommendation adopted, No. 3:23-cr-00018-LMM-RGV-5, 2025 WL 2412340 (N.D. Ga. Aug. 20, 2025) (denying a motion to sever based on a potential issue under Bruton v. United States, 391 U.S. 123 (1968), without prejudice to renew should an actual

Bruton issue arise); United States v. Wilson, No. 10-60102-cr-ZLOCH, 2010 WL 2609429, at *8 (S.D. Fla. June 5, 2010), report and recommendation adopted, No. 10-60102-cr-ZLOCH, 2010 WL 2612341 (S.D. Fla. June 25, 2010) (finding that severance based on a potential Bruton issue was not supported by the existing record as the defendant had not "identified any particular statements that allegedly implicate Defendant, which were given to law enforcement by a co-defendant" and, therefore, had not "carried his burden of demonstrating a problem under Bruton"). Mr. Witeck may raise this issue again if an actual Bruton problem arises.

### 3. Potential Assertion of Mutually Antagonistic Defenses

"[A] defendant is not entitled to a severance merely because of antagonistic or mutually exclusive defenses." Zafiro v. United States, 506 U.S. 534, 538 (1993); see Hill, 643 F.3d at 834 ("Mutually antagonistic defenses are not prejudicial *per se*."). Rather, "a defendant must show that the joint trial caused him such compelling prejudice that he was deprived of a fair trial." Hill, 643 F.3d at 834. Severance is not required merely because two co-defendants "both claim they are innocent and each accuses the other of the crime." Zafiro, 506 U.S. at 540. As the Supreme Court explained in Zafiro, "[a] defendant normally would not be

10

entitled to exclude the testimony of a former codefendant if the district court did sever their trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant." Id.

Here, although Mr. Witeck acknowledges that "it is not currently apparent what specific defenses [Mr.] Govoni and [Mr.] Witeck would each raise at a joint trial," Mr. Witeck posits that "it is reasonably foreseeable that [Mr.] Govoni will attempt to shift blame to others, including Mr. Witeck, at trial." (Doc. # 85 at 13). However, even if Mr. Govoni were to shift blame to Mr. Witeck at trial, this would not require severance. Zafiro, 506 U.S. at 540.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant John Leo Witeck's "Motion to Sever Pursuant to Fed. R. Crim. P. 8(b) and 14(a)" (Doc. # 85) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of December, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE